Submitted on record and briefs August 28, affirmed September 26, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT DAVID BOWEN,
*Defendant-Appellant.*

Multnomah County Circuit Court
040935242; A129141

168 P3d 1208

Erin G. Rohr and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and David B. Thompson, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals his convictions for multiple felony sex offenses. He assigns error to (1) the denial of his motion for mistrial, (2) the trial court's refusal to instruct the jury that it could convict as to each of the charges only upon a unanimous verdict, and (3) the imposition of consecutive sentences based on judicial findings. We reject the first assignment of error without discussion and the third assignment of error based on the reasoning of *State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006). For the reasons that follow, we also reject defendant's asserted entitlement to a jury unanimity instruction. Accordingly, we affirm.

■ Article I, section 11, of the Oregon Constitution provides, in part, that

> "in the circuit court ten members of the jury may render a verdict of guilty or not guilty, save and except a verdict of guilty of first degree murder, which shall be found only by unanimous verdict, and not otherwise[.]"

Notwithstanding that provision, defendant requested that the jury be instructed as follows: "This being a criminal case, each and every juror must agree on your verdict." Defendant argued, generally, that that instruction comported with—and, indeed, was compelled by—the following observation in *Blakely v. Washington*, 542 US 296, 301, 124 S Ct 2531, 159 L Ed 2d 403 (2004):

> "This rule reflects two longstanding tenets of common-law criminal jurisprudence: that the 'truth of every accusation' against a defendant 'should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbours,' 4 W. Blackstone, Commentaries on the Laws of England 343 (1769) * * *."

The trial court rejected the proposed instruction:

> "Yes, I can't give that. That wouldn't comply with Oregon law so I'm not going to do that.
>
>     "* * * * *
>
> "THE COURT:    I don't think *Blakely* actually speaks to this—*Blakely* wasn't really a decision that was addressing that special issue. It was addressing, of course, whether or

not a jury should weigh in on factors that related to enhancements of sentencing. * * *

"* * * * *

"THE COURT: * * * [That statement] is in a sense a form of dicta. In other words, the issue of whether 12 are required in every case was not squarely before the court. And this was a sentence with which I'm familiar because, of course, I'm familiar with *Blakely* * * * but [it's] in the context [of] an entirely different issue.

"I don't read this as a decision by the United States Supreme Court that every state must have * * * unanimous verdicts."

On appeal, defendant reiterates his "jury unanimity" contention. Necessarily implicit in defendant's argument is the premise that the Court's observation in *Blakely* had the effect of overruling *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972). In *Apodaca*, the Court held that the permissibility of less-than-unanimous jury verdicts under Article I, section 11, did not violate the Sixth Amendment to the United States Constitution. *Apodaca*, 406 US at 407-14.[1]

■ Nothing in *Blakely* purports to overrule *Apodaca*; indeed, *Blakely* does not include any reference to *Apodaca*. Rather, as the trial court correctly observed, jury unanimity—or the lack thereof—was immaterial to the analysis in *Blakely*, and its antecedent, *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), which both addressed the constitutionally prescribed role of the jury, as opposed to the court, in determining facts material to the imposition of criminal sentences. *Cf. State v. Caples*, 938 So 2d 147, 157 (La App 1 Cir 2006) (rejecting similar challenge to Louisiana's constitutional and statutory provisions permitting less-than-unanimous criminal verdicts). The trial court properly refused to give the proposed instruction.

Affirmed.

---

[1] Very recently, in *State v. Miller*, 214 Or App 494, 166 P3d 591 (2007), we rejected an unpreserved challenge identical to defendant's, concluding that, given *Apodaca*, the failure to give a "unanimous verdict" instruction was, at the very least, not error apparent on the face of the record.