Argued and submitted July 31, 2007, reversed February 20, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GERALD DALE CAMPBELL,
*Defendant-Appellant.*

Marion County Circuit Court
04C45645; A126661

178 P3d 337

Elizabeth Ann Corbridge, Deputy Public Defender, argued the cause for appellant. On the brief were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Eric R. Johansen, Senior Deputy Public Defender, Legal Services Division, Office of Public Defense Services.

Hubert Chang, Certified Law Student, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Defendant was convicted in a bench trial of first-degree sexual abuse and first-degree unlawful sexual penetration. At trial, the state adduced evidence that defendant had confessed to the offenses. Defendant argues on appeal that the state failed to adduce any evidence that corroborated his confession as required under ORS 136.425(1)[1]and, thus, that there was insufficient evidence to convict him of the charged offenses. We agree and therefore reverse.

We view the facts in the light most favorable to the state in order to determine whether there is evidence in the record that corroborates defendant's confession. Although defendant moved for a judgment of acquittal at the close of the state's evidence, we consider the whole record to determine whether there is sufficient corroborative evidence. *See State v. Lamphere*, 233 Or 330, 332, 378 P2d 706 (1963) (when error is assigned to the denial of a motion for a judgment of acquittal, the appellate courts consider the whole record to determine whether there is sufficient evidence to support a conviction).

At the time of the alleged offenses, defendant was 16 years old and was on probation for an earlier juvenile adjudication. One of the conditions of his probation was that he have no contact with small children. At a meeting with his probation officer, Brundridge, defendant stated that he had been at the home of a friend, B, and that they had bathed a girl, D, who was two or three years old. Brundridge asked defendant what he had done in terms of bathing D, and he said that he had helped take her out of the bathtub and that B had left to get a towel to dry her off.

Brundridge called the police and reported defendant's statement to Officer Johnson. On three different occasions in May 2004, Johnson contacted B. B, who was 15 or 16

---

[1] ORS 136.425(1) provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats; nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

years old at the time, told him that D was his niece. He said that, in November 2003, he had been left in charge of D when his father had gone to the store, and that he was giving D a bath. He told Johnson that defendant was present and that they were both in the bathroom while D. was bathing. Although B gave Johnson conflicting versions of what happened thereafter, on one occasion, he said that he had left the bathroom and that defendant had stayed and was alone with D for a few minutes.

Johnson also contacted defendant in May 2004. He asked defendant whether he had ever been alone with D at B's house in November 2003. According to Johnson, defendant acknowledged that he had been at B's house but initially denied having been alone with D. Johnson asked whether defendant could remember a time when he had helped B give D a bath. Defendant said that he had been present while B was bathing D and drying her off but that he had not been involved in the process. Johnson told defendant that he did not believe him. After some time, defendant stated that he had lied and then told Johnson that he and B were both in the bathroom during the bath; that B left at one point for several minutes; that, during that time, he lifted D from the bathtub and began to dry her off with a towel; that he momentarily touched her vagina with his bare hands; that B then returned to the bathroom and defendant left. Johnson again told defendant that he did not believe him and asked him whether he was sure that that was all that had happened. Defendant then said that he had inserted his finger into D's vagina before B returned and that he had done so for sexual gratification.

Defendant was charged with sexual abuse and unlawful sexual penetration. At his trial, the state's evidence consisted entirely of the testimony of Brundridge, Johnson, and B. Brundridge testified about the statements that defendant made to her, and Johnson described the interviews he had conducted with B and defendant. B testified that, on the date in question, he was at home with D and was giving her a bath when defendant came to the house. He said that defendant stood outside the bathroom while he continued to bathe D. B said that he left the bathroom twice and could not see

defendant while he was gone but that defendant was standing in the same place in the hall when he returned both times.

After the state presented its evidence, defendant moved for a judgment of acquittal, arguing that the only evidence of his guilt was Johnson's testimony that defendant had confessed to the offenses. Defendant argued that, under ORS 136.425(1), he could not be convicted without some other proof that a crime had been committed. The trial court denied the motion.

Defendant then testified in his own behalf. He denied having ever been alone in the bathroom with D, having touched her genital area, or having inserted his fingers into her vagina. He also denied having told Johnson either that he had been alone with D or that he had touched D inappropriately. On cross-examination, defendant acknowledged that, when he was at B's house, he knew that he was not supposed to have contact with small children because he had "a problem being around small children."

The court found defendant guilty of both offenses charged.

On appeal, defendant renews his argument that, apart from his confession to Johnson, the state failed to adduce any evidence that a crime had been committed and that ORS 136.425(1) does not allow a conviction based on a confession alone. He asserts that, aside from Johnson's testimony, the state's only other evidence was the testimony of Brundridge and B. Defendant argues that neither witness observed any culpable conduct or heard any culpable statements by defendant. He argues that, although there is evidence from which a factfinder could infer that defendant was left alone with D for a few minutes and thus had the opportunity to commit the offenses, opportunity alone does not constitute evidence that a crime was committed.

In its brief, the state initially argues that the confession is corroborated by the evidence showing that defendant had the opportunity to commit the offenses—that is, evidence that he was alone with D. At oral argument, the state

retreated from that position somewhat, arguing that the confession is corroborated by that evidence together with defendant's testimony acknowledging that he knew that he was not supposed to have contact with small children and his denial of having confessed the offenses to Johnson. According to the state, given defendant's acknowledgment that he knew that he was prohibited from having contact with small children, defendant's presence in B's home while D was there raises a reasonable inference that he was there for an improper reason.[2] The state contends that defendant's testimony denying that he had confessed to committing the offenses shows "guilty knowledge" on defendant's part, which, in the state's view, also raises an inference that the offenses occurred.

We agree with defendant that the state failed to adduce evidence adequately corroborating his confession. ORS 136.425(1) provides that a confession is not sufficient to warrant a conviction without "some other proof that the crime has been committed." That statute codified the common-law rule requiring independent proof of the *corpus delicti*—that is, the "body of the crime." *State v. Lerch*, 296 Or 377, 393-94, 677 P2d 678 (1984). In *Lerch*, the Supreme Court explained that, to establish guilt,

> "it is generally necessary for the prosecution to show that (a) the injury or harm specified in the crime occurred, (b) this injury or harm was caused by someone's criminal activity, and (c) the defendant was the guilty party. To sustain a conviction, the requirement of independent proof of the *corpus delicti* demands only that the prosecution have introduced independent evidence tending to show (a) and (b). It is not necessary that the independent proof tend to connect the defendant with the crime. Nor need the independent proof establish these elements beyond a reasonable doubt."

*Id.* at 393 (citation omitted). The court went on to explain that ORS 136.425(1) requires only evidence that "tends to prove or establish" that the crime has been committed, rather

---

[2] The state expressly does not rely on defendant's acknowledgment that he has a "problem being around small children" to establish what defendant's improper purpose was. That is, the state does not argue that the record establishes that defendant had a specific improper purpose.

than "full or complete proof * * *." *Id.* at 397. The court ultimately held that "some proof" means that there is "enough evidence from which the jury may draw an inference that tends to establish or prove that a crime has been committed." *Id.* at 398.

The evidence showing that defendant had an opportunity to commit the offenses establishes only that—that he had the *opportunity*; it does not tend to establish that the offenses actually occurred. *See State v. Delp*, 218 Or App 17, 27-30, 178 P3d 259 (2008) (evidence of the defendant's "means and opportunity" does not give rise to an inference that the alleged victim was subjected to the specific acts set forth in the indictment); *State v. Simons*, 214 Or App 675, 686-89, 167 P3d 476 (2007), *rev den*, 344 Or 43 (2008) (evidence that the defendant had engaged in sexual misconduct with coworkers, had professed an interest in older women, and had unsupervised access to hospital patients in a residential Alzheimer's unit did not tend to establish that the patients had been sexually abused). The portions of defendant's testimony on which the state relies also do not tend to establish the offenses with which defendant was charged. Evidence suggesting that defendant had some improper purpose does not, by itself, indicate what that improper purpose was.[3] Likewise, assuming that defendant's testimony showed "guilty knowledge," that may suggest that defendant did *something* wrong, but it does not indicate what he did. Even assuming that defendant remained in the house for an improper purpose and that he actually did something wrong, those facts do not give rise to an inference that D was sexually abused. To determine on this record that sexual abuse occurred, a factfinder would have to infer that defendant has a propensity to sexually abuse small children and that he acted in conformity with that propensity on the occasion in question. That is not a permissible inference. *See State v. Yong*, 206 Or App 522, 540-41, 138 P3d 37, *rev den*, 342 Or 117 (2006) ("propensity or character evidence" is not properly considered in determining whether a crime occurred).

---

[3] We express no opinion as to whether evidence showing that a defendant had a purpose to commit a specific offense would tend to establish that the offense actually occurred.

Consequently, the evidence on which the state relies does not corroborate defendant's confession.

Because the state failed to meet its burden of corroboration, the trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.