Argued and submitted December 16, 2010, convictions on Counts 3 and 4 reversed and remanded; otherwise affirmed August 31, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARMANDO FERNANDEZ,
*Defendant-Appellant.*

Lane County Circuit Court
200814447A; A140491

262 P3d 1167

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Denis M. Vannier, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

**ROSENBLUM, S. J.**

Defendant was convicted after a jury trial of assault in the first degree, attempted murder, two counts of robbery in the first degree, and felon in possession of a firearm. Defendant asserts that the trial court erred in failing to instruct the jurors that their verdict had to be unanimous to convict, an argument that we reject without further discussion. *State v. Bowen*, 215 Or App 199, 202, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, ___ US ___, 130 S Ct 52, 175 L Ed 2d 21 (2009). The assault and attempted murder charges were based on an "aid and abet" theory, and the trial court gave a "natural and probable consequences" instruction on those offenses. Defendant assigns error to the giving of that instruction, as well as to the trial court's failure to give a requested instruction on defense of another person. Defendant also assigns error to the trial court's failure to merge the assault and attempted murder verdicts. We conclude that the trial court erred in giving the "natural and probable consequences" instruction and that the giving of the instruction was prejudicial. We therefore reverse the assault and attempted murder convictions on that basis and do not reach defendant's other assignments.

Viewing the evidence in the light most favorable to the state, *State v. Viranond*, 346 Or 451, 453, 212 P3d 1252 (2009), the incident that gave rise to the charges involved a robbery and a fight. Defendant and his brother were in a car driving down an alley when they encountered the two victims. Defendant got out of the passenger side of the car with a gun in his hand and pointed it at the victims and demanded money. Defendant's brother simultaneously got out of the driver's side with a knife in his hand. A fight ensued in which the participants struggled over the gun and defendant's brother stabbed one of the victims in the side, causing serious injury.

Based on the stabbing, the state charged defendant on an aid and abet theory with assault and attempted murder.[1] The state requested and defendant objected to the

---

[1] Count 3, assault, charged that defendant "unlawfully and intentionally cause[d] serious physical injury to [the victim] by means of a dangerous weapon,

giving of the "natural and probable consequences" instruction. The court overruled defendant's objection and instructed the jury as follows:

> "Liability for probable consequences. A person who aids and abets another in committing a crime, in addition to being criminally responsible for the crime that is committed, is also criminally responsible for any acts or other crimes that were committed as a natural and probable consequence of the planning, preparation, or commission of the intended crime."

The state acknowledges that, subsequent to the trial in this case, in *State v. Lopez-Minjarez*, 236 Or App 270, 237 P3d 223, *adh'd to on recons*, 237 Or App 688, 240 P3d 753 (2010), we held that it is error to give the "natural and probable consequences" jury instruction, because that instruction affirmatively misstates the law with respect to accomplice or accessorial liability. *See also State v. Tucker*, 241 Or App 457, 251 P3d 224 (2011) (citing *Lopez-Minjarez*). The Supreme Court has recently upheld our analysis. *State v. Lopez-Minjarez*, 350 Or 576, 580-84, 260 P3d 439 (2011). The state contends, however, that the giving of the instruction in this case, even if erroneous, was not prejudicial, because there is little likelihood that it affected the verdict, in as much as the trial court correctly instructed the jury on aiding and abetting and on the elements of the offenses of assault and attempted murder. Further, the instructions required the jury to find that defendant "intentionally" caused serious injury to the victim, and the trial court also instructed the jury on the meaning of "intentionally." In the state's view, when all of the instructions are considered together, there was no reasonable likelihood that the "natural and probable consequences" instruction misled the jury into convicting defendant on something less than the requisite mental state, and any error was harmless.[2] *State v. Pine*, 336 Or 194, 209, 82 P3d 130 (2003) (a conviction will be reversed because of an

---

to-wit: a knife." Count 4 charged that defendant "intentionally attempt[ed] to cause the death of [the victim]."

[2] Although the state asserts that the evidence permitted the inference that defendant knew that his brother was carrying a weapon, it does not contend that any error in giving the instruction was harmless because the evidence of defendant's guilt on an aid and abet theory was overwhelming. *Cf. Tucker*, 241 Or App at 466.

erroneous jury instruction only if the instruction, when considered in the context of the instructions as a whole, probably created an erroneous impression of the law in the minds of the jurors that affected the outcome of the case).

The Supreme Court rejected a similar argument in *Lopez-Minjarez*, and we reject it here. Under an aid and abet theory, the state was required to establish that defendant intended to promote or facilitate his brother's stabbing of the victim. ORS 161.155.[3] The "natural and probable consequences" theory of accomplice liability permitted the jury to find defendant guilty of assault and attempted murder even if he did not intend to promote or facilitate the stabbing, as long as the stabbing was a natural and probable consequence of any other predicate criminal act that defendant had aided in committing. In this case, based on the instruction, the jury was free to base accomplice liability for the assault and attempted murder on the conclusion that the stabbing was a natural and probable consequence of the robbery, without finding that defendant intended to promote or facilitate the stabbing. Additionally, as in *Lopez-Minjarez*, 236 Or App at 278, the prosecutor argued the application of the instructions to the facts of the case. We conclude that the giving of the "natural and probable consequences" instruction probably affected the jury verdict on the assault and attempted murder charges, Counts 3 and 4, and we reverse and remand on those counts.

Convictions on Counts 3 and 4 reversed and remanded; otherwise affirmed.

---

[3] ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"(1) The person is made criminally liable by the statute defining the crime; or

"(2) With the intent to promote or facilitate the commission of the crime the person:

"(a) Solicits or commands such other person to commit the crime; or

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime; or

"(c) Having a legal duty to prevent the commission of the crime, fails to make an effort the person is legally required to make."