Submitted February 28, 2012, affirmed April 24, petition for review denied July 25, 2013 (353 Or 868)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT ANTHONY HERNANDEZ,
*Defendant-Appellant.*

Deschutes County Circuit Court
08FE1636AB; A144697

300 P3d 261

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Following a jury trial, defendant was convicted of five counts of sodomy in the first degree, ORS 163.405, and five counts of sexual abuse in the first degree, ORS 163.427. On appeal, defendant raises multiple assignments of error. We write only to address defendant's contention that the trial court erred in denying his motion for judgment of acquittal on all five counts of first-degree sexual abuse and reject defendant's other assignments of error without discussion. Defendant asserts that the state failed to produce legally sufficient evidence corroborating defendant's confession as to those counts. ORS 136.425(1) (2007).[1] As explained below, we conclude that there was sufficient corroboration of defendant's confession and, thus, that the trial court did not err in denying his motion for judgment of acquittal. Accordingly, we affirm.

We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational factfinder could have inferred from the evidence the essential elements of first-degree sexual abuse. *State v. Holcomb*, 246 Or App 687, 689, 268 P3d 684 (2011), *rev den*, 351 Or 675 (2012).

Viewed in that light, the pertinent facts are as follows. In 2008, when the incidents took place, S, the victim, was five years old. At that time, S lived with her cousin Denetclaw, who was her primary caretaker, and defendant, Denetclaw's fiancé. S referred to Denetclaw as her "mom" and defendant as "daddy Robert." After Denetclaw discovered S displaying sexualized behavior and S reported sexual touching by individuals other than defendant, Denetclaw took her to the Kids

---

[1] ORS 136.425(1) (2007) provided:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats; *nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed.*"

(Emphasis added.) The language italicized above, which is central to the issue presented in this case, was materially altered in 2009. *See* Or Laws 2009, ch 875, § 1. However, because defendant's conduct at issue occurred in 2008, those amendments do not apply here. *See id.* at § 3 (amendments to ORS 136.425 apply to offenses committed after January 1, 2010). Throughout the remainder of this opinion, references to that statute are to the 2007 version.

Intervention and Diagnostic Service (KIDS) center for an evaluation. Jill Hartley, a physician assistant at the KIDS center, conducted a medical examination of S. During that examination, S disclosed the following: defendant had put his penis in S's mouth 10 times; when defendant did so, he would tell her that "she looked pretty"; defendant told S to "take * * * off [her clothes]"; defendant rubbed and licked S's nipples; those instances occurred "in the living room," "on the couch," and when "[m]ommy [was] at work"; defendant told S "[not to] tell anybody"; and when Hartley asked S if anyone had ever given her "owies where the pee comes out," S responded, "only my daddy does."

At trial, the state's evidence included, among other things, defendant's confession to having S "grind" her vaginal and anal area on his groin; S's disclosures to Harley, stated above, were offered as corroborative evidence of that confession. Before the close of the state's case, defendant moved for a judgment of acquittal, arguing, that, although there was some corroborative evidence as to the sodomy counts, the state failed to adduce any evidence to corroborate defendant's confession as to the sexual abuse counts, as required by ORS 136.425.

The state responded:

"What we have is a victim that disclosed that Daddy had had her sit on the couch, told her not to tell, that it happened on the couch at the house when Mom wasn't there, * * * she disclosed in her interview with Jill Hartley, it happened 10 times.

"* * * [D]efendant's disclosure in the interview was again that he estimated five to six times over two months which is also ten times. I don't know that [S] specifically has to say, 'Grinding,' in her disclosure in order for us to make that charge or in order for a reasonable * * * trier of fact to reasonably find that those allegations took place.

"I don't believe that there's a lot of corroboration, but I think that there's * * * enough corroboration for the charge to go to the jury."

The trial court agreed with the state that, although "there's not much [corroboration] * * * with regard to [the sexual abuse counts]," the corroborative evidence was sufficient

to deny defendant's motion for judgment of acquittal. Ultimately, the jury convicted defendant on all counts—five counts of first-degree sodomy and five counts of first-degree sexual abuse.

On appeal, defendant essentially reprises the arguments he advanced to the trial court—that the state failed to present any evidence to corroborate his confession as to the sexual abuse charges as required by ORS 136.425. Although defendant acknowledges that the evidence of S's disclosures to Hartley provided sufficient corroboration as to the sodomy counts, he argues that S's disclosures do not relate to the five counts of first-degree sexual abuse. Specifically, defendant argues that, among other things, "[S's] statement that only her daddy gave her owies where the pee comes out * * * does not tend to show that defendant touched [S's] vaginal or anal area *for purposes of sexual gratification*, which is the *corpus delicti* of first degree sexual abuse." (Emphasis in original.) The state responds that, among other things, "[v]iewed in context of the other evidence, a jury could infer that the 'owies' [that S] was describing was sexual contact between herself and * * * defendant (notably the 'grinding')," which defendant admitted occurred. We agree with the state.

As noted, ORS 136.425(1) provides that a confession alone is not sufficient "to warrant the conviction of the defendant without some other proof that the crime has been committed." The Supreme Court has explained that that statute codified the common law *corpus delicti* rule, which requires the state to show (1) that the injury or harm specified in the crime occurred and (2) that the injury or harm was caused by someone's criminal activity. *State v. Lerch*, 296 Or 377, 392-93, 677 P2d 678 (1984). However, it is not necessary that the state corroborate "each and every element of an offense to which a defendant has confessed." *State v. Primeaux*, 230 Or App 470, 473, 216 P3d 887 (2009), *rev den*, 349 Or 664 (2011). Rather, ORS 136.425(1) "requires evidence that *tends* to establish" the *corpus delicti*. *Lerch*, 296 Or at 397 (emphasis in original). "Some other proof," as used in ORS 136.425(1), "'means that there is enough evidence from which the jury may draw an inference that *tends* to establish or prove' a relevant fact." *State v.*

*Chatelain*, 347 Or 278, 287, 220 P3d 41 (2009) (quoting *Lerch*, 296 Or at 398) (emphasis in *Chatelain*). Thus, "the threshold for corroboration is low." *State v. Kelley*, 239 Or App 266, 277, 243 P3d 1195 (2010), *rev den*, 350 Or 131 (2011); *see also Lerch*, 296 Or at 397 (standard does not rise to level of "substantial" evidence, "clear and convincing" evidence, or proof "beyond a reasonable doubt").

As relevant here, defendant confessed to conduct constituting first-degree sexual abuse. ORS 163.427.[2] The *corpus delicti* for first-degree sexual abuse is that the victim was subjected to sexual contact. *State v. Delp*, 218 Or App 17, 29, 178 P3d 259, *rev den*, 345 Or 317 (2008) (citing ORS 163.427). Specifically, in this case, the sexual abuse counts were based on allegations that defendant had subjected S to sexual contact "by touching her anal or vaginal area."

Here, aside from defendant's confession to having S "grind" her vaginal and anal area on his groin, the state adduced evidence of S's disclosures that defendant, on several occasions, had sexual contact with S, including evidence that defendant told S to take her clothes off, that defendant licked and rubbed her nipples, and that defendant had S put her mouth on his penis. Most notably, the state presented evidence that S stated that "only [her] daddy" gave her "owies where the pee comes out." As the state asserts, viewed in the context of the other evidence of defendant's sexual contact with S, a jury could infer that the "owies" that S was describing referred to sexual contact by defendant—particularly, that defendant had S "grind" her vaginal and anal area on his groin for purposes of sexual gratification. To be sure, a jury could conclude that the evidence was insufficient to convict defendant of sexual abuse of S. Nevertheless, in order for that issue to go to the jury, the state was only required to submit enough evidence from which a rational trier of fact

---

[2] ORS 163.427 provides, in pertinent part, that "[a] person commits the crime of sexual abuse in the first degree when that person * * * [s]ubjects another person to sexual contact and * * * [t]he victim is less than 14 years of age[.]"

ORS 163.305(6), in turn, provides:

"'Sexual contact' [(as used in ORS 163.427)] means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

could draw an inference that *tends* to show that the charged crimes occurred. The state's evidence met that standard. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.