## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SAMMY DEAN OLIVER,
aka Cleveland Ray Oliver,
*Defendant-Appellant.*

Multnomah County Circuit Court
050734311; A130957

189 P3d 1240

Mary M. Reese argued the cause and filed the brief for appellant.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for robbery in the second degree, robbery in the third degree, and assault in the fourth degree, arising out of an incident in which he put his hand in his sweatshirt, pretending that he possessed a gun, and demanded money from the victim. He advances a number of assignments of error. We address only two of them and affirm the balance without discussion. In the first of the two assignments of error, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on the second-degree robbery charge, because no reasonable person could have believed that he was armed with a deadly weapon. We conclude that the trial court did not err in denying defendant's motion. In the second assignment, he contends that the trial court erred in failing to merge the second-degree and third-degree robbery convictions. The state concedes that the trial court erred in that regard, and we agree. We therefore reverse and remand for merger of defendant's robbery convictions and for resentencing, and otherwise affirm.

The relevant facts are not in dispute. Defendant hid in the bushes late one night and watched the victim make a deposit at a nearby bank automated teller machine. As the victim returned to her car, defendant approached her. He was wearing a hooded sweatshirt. With one hand, he held the sweatshirt up to his nose. The other hand he held underneath the sweatshirt, pretending that it was a gun. Defendant, pointing at the victim, demanded that she give him money. The victim thought defendant "looked stupid" with his hand underneath his sweatshirt, pretending it was a gun. She did not believe that he actually possessed a gun. When she refused to comply with defendant's demands, defendant hit her and stole her bank card.

Defendant was charged with second-degree robbery, third-degree robbery, and fourth-degree assault. At trial, defendant moved for a judgment of acquittal on the second-degree robbery charge on the ground that the state failed to prove the element that he had "represent[ed]" that he was "armed with what purports to be a dangerous or deadly

weapon." ORS 164.405(1)(a). Defendant agreed that the evidence shows that he *attempted* to represent that he was so armed. But, he argued, because the victim did not believe the attempt, he failed to actually complete the representation. The trial court denied the motion. The jury found him guilty of all three charges, and the trial court sentenced him on each of the three convictions.

■ On appeal, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on the second-degree robbery charge. According to defendant, the state failed to prove that he "represented" that he was armed. He asserts that, to establish a "representation" that a person is armed, there must be evidence that the person "actually and in fact creates the impression or forms an image or representation in the mind of the beholder that [the person] is armed."

■ The state contends that the evidence suffices to prove the required representation when it shows that the defendant communicated that he was armed with what purports to be a dangerous or deadly weapon. According to the state, nothing in the statute requires that the victim actually believe the representation to be true.

ORS 164.395(1) sets out the elements of the offense of robbery in the third degree:

> "A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> "(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>
> "(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle."

ORS 164.405(1) then defines robbery in the second degree in the following terms:

"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 and the person:

"(a) Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b) Is aided by another person actually present."

At issue in this case is what the statute requires when it provides that the state must show that a defendant "represents" that he or she is armed with what "purports" to be a dangerous or deadly weapon. That is an issue of statutory construction, which we resolve by application of familiar principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and related cases. We attempt to determine the meaning of the statutory terms that the legislature enacting them intended, by examining the text in context and, if necessary, legislative history and other aids to construction. *Id.* In examining the text of the statute in its context, we presume—in the absence of evidence to the contrary—that the legislature intended that the words of the statute be given their ordinary meanings. *Haynes v. Tri-County Metro.*, 337 Or 659, 663, 103 P3d 101 (2004). We also consider prior case law construing the statute. *State v. McDonnell*, 343 Or 557, 563, 176 P3d 1236 (2007).

The ordinary meaning of the word "represent"—at least the ordinary sense that seems most relevant to the use of the word in the statute (there are more than a dozen different senses listed in the dictionary)—is "to bring clearly before the mind : cause to be known, felt, or apprehended : present esp. by description." *Webster's Third New Int'l Dictionary* 1926 (unabridged ed 2002). From that definition, defendant argues that, by requiring proof that a person "represent" that he is armed, the statute requires that the representation actually be brought to the mind of the victim, that is, that the defendant's representation actually succeed in persuading the victim of the represented fact.

The flaw in defendant's argument is that it ignores what the statute provides must be represented, namely, "what *purports* to be a dangerous or deadly weapon." (Emphasis added.) To "purport" means "to convey, imply, or

profess outwardly (as meaning, intention, or true character): have the often specious appearance of being, intending, claiming (something implied or inferred)." *Id.* at 1847. Thus, at least based on the ordinary meaning of the relevant terms, the statute seems to require not—as defendant suggests—that defendant successfully represent that he is, in fact, armed with a dangerous or deadly weapon, but rather—as the state suggests—that defendant represent that he is armed with what appears to be such a weapon, regardless of whether that representation is believable.

The case law construing the statute, while not addressing the specific point at issue in this case, nevertheless is consistent with what the ordinary meaning of the terms suggests. In *State v. Riehl*, 188 Or App 1, 5, 69 P3d 1252 (2003), for example, the question was whether an allegation in an indictment that the defendant "threatened" that he had a firearm was sufficient to satisfy the requirement that the defendant "represent" that he had a firearm. We concluded that the allegation was sufficient, commenting that the ordinary meaning of the statutory terms requires only that a defendant communicate that he or she is armed. *Id.* at 6. We noted also that the communication need not be an accurate or truthful one. By requiring that a defendant represent that he or she is armed with what "purports" to be a dangerous or deadly weapon, we noted, the statute covers instances in which the representation is false. *Id.* at 9.

Perhaps closer to the point, in *State v. Lee*, 174 Or App 119, 23 P3d 999, *rev den*, 332 Or 559 (2001), we addressed the question whether menacing is a lesser-included offense of second-degree robbery. We answered that question in the negative. *Id.* at 127. We began by noting that menacing requires that a defendant intend to place the victim in fear of immediate serious physical injury. *Id.* at 126. We then observed that, in contrast, second-degree robbery requires only that a defendant "represents" to the victim that he or she is armed, not that the defendant intend to create in the mind of the victim any particular mental state. *Id.* at 126-27.

And, perhaps even closer still, in *State v. Vance*, 285 Or 383, 591 P2d 355 (1979), the Supreme Court addressed

the elements of first-degree robbery. In the process, the court commented, quoting from the legislative history, that the second-degree robbery statute "was intended to 'strengthen existing law' by providing for intermediate situations, such as the cases in which the defendant had 'a toy weapon or the threatened use of a nonexistent weapon, such as a finger in the pocket.'" *Id.* at 389 (quoting Minutes, Criminal Law Revision Commission, Nov 21, 1968, 3, 5).

To be sure, in some circumstances, a defendant's representation that he or she is armed with what purports to be a dangerous or deadly weapon may be patently insufficient, say, when a defendant points an uncovered index finger and threatens to shoot it. Defendant contends that this is such a case, because the victim testified that, although defendant held his hand under his sweatshirt, he "looked stupid." But defendant does not explain, and we do not understand, why the fact that one person did not believe his representation necessarily means that the state failed to prove that he represented that he was armed with what purported to be a weapon. The question before us is not whether the victim actually believed defendant's representation, but rather whether, "viewing the evidence in the light most favorable to the state, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989) (emphasis added). In light of the wording of the statute and the cases construing it, evidence that defendant approached the victim with his finger underneath his sweatshirt, pointed it at the victim, and demanded money suffices to establish the representation that the law requires.

Defendant also assigns error to the trial court's failure to merge the third-degree robbery conviction with the second-degree robbery conviction. Defendant admits that he did not raise the issue before the trial court, but he asserts that we may review it as plain error. The state concedes the error. We accept the state's concession and agree that the trial court erred in failing to merge the two convictions. We also conclude that it is appropriate to exercise our discretion to review the error. *See State v. Hathaway*, 207 Or App 716, 717, 143 P3d 545, *rev den*, 342 Or 254 (2006) (noting that both the Supreme Court and this court have consistently

exercised discretion to address plainly erroneous failures to merge convictions).

Reversed and remanded for merger of robbery convictions and for resentencing; otherwise affirmed.