Submitted March 25, affirmed June 18, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL RAY MARKER,
*Defendant-Appellant.*

Benton County Circuit Court
DV1121520; A151727

329 P3d 781

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

Defendant appeals a judgment of conviction for sexual abuse in the first degree, ORS 163.427, arguing that the trial court erred when it denied his motion for judgment of acquittal. A person commits sexual abuse in the first degree when that person "[s]ubjects another person to sexual contact and * * * [t]he victim is incapable of consent by reason of being * * * physically helpless[.]" ORS 163.427(1)(a)(C). A person is "physically helpless" if that person "is unconscious or for any other reason is physically unable to communicate unwillingness to an act." ORS 163.305(5). The issue in this case is whether a victim who is asleep when the sexual abuse occurs is incapable of consent by reason of being "physically helpless." We answer that question in the affirmative and, accordingly, affirm.

In reviewing a trial court's order denying a motion for judgment of acquittal, we "view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found the elements of the crimes in question beyond a reasonable doubt." *State v. Reed*, 339 Or 239, 243, 118 P3d 791 (2005). In this case, the relevant facts are undisputed. Defendant and the victim were roommates who, while living together, had a romantic relationship for approximately one month. Soon after the relationship ended, the victim awoke during the night and felt defendant's "hand in [her] pants in [her] vagina playing with it." She told defendant to "get out," and he left the room. Defendant was charged with first-degree sexual abuse and attempted unlawful sexual penetration in the first degree, ORS 163.411.[1]

At trial, after the state presented its case-in-chief, defendant moved for a judgment of acquittal, asserting that the victim was not physically helpless for purposes of ORS 163.427(1)(a)(C) because, although she was asleep, she was not "unconscious" or otherwise "physically unable to communicate willingness [*sic*] to an act." The trial court denied defendant's motion, concluding that the state had presented

---

[1] Defendant was acquitted of attempted unlawful sexual penetration in the first degree; that charge is not at issue in this appeal.

sufficient evidence that "the victim was asleep at the time that the crime was committed and that that would constitute being physically unable to communicate willingness[.]" A jury found defendant guilty of sexual abuse in the first degree.

The question on appeal is whether a sleeping victim is "physically helpless" for purposes of ORS 163.427(1)(a)(C). As noted, ORS 163.305(5) defines "physically helpless" as "unconscious or for any other reason * * * physically unable to communicate unwillingness to an act." Thus, we consider whether sleep renders a person either "unconscious" or "for any other reason * * * physically unable to communicate unwillingness to an act."[2] When construing a statute, our goal is to discern the legislature's intent by examining the text and context of the statute, and the legislative history, if useful. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with the text and context of ORS 163.305(5), which was enacted in 1971. Or Laws 1971, ch 743, § 104.[3] Generally, words of common usage should be given their plain, natural, and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). When "interpreting the words of a statute enacted many years ago, we may seek guidance from dictionaries that were in use at the time." *State v. Perry*, 336 Or 49, 53, 77 P3d 313 (2003).

---

[2] We observe that a note follows the text of ORS 163.427 indicating that the statute "was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 163 or any series therein[.]" The meaning of this note is that the provisions in ORS chapter 163 or any series therein do not apply to ORS 163.427. However, ORS 161.035(2) provides that, "[e]xcept as otherwise expressly provided, or unless the context requires otherwise, the provisions of chapter 743, Oregon Laws 1971, shall govern the construction of and punishment for any offense defined outside chapter 743, Oregon Laws 1971, and committed after January 1, 1972[.]" The definitions set forth in ORS 163.305 are part of Oregon Laws 1971, chapter 743. We find no express provision stating that the definitions in ORS 163.305 do not apply to ORS 163.427, or that the context of ORS 163.427 requires the application of definitions other than those set forth in ORS 163.305. Accordingly, we apply the definitions in ORS 163.305 to the provisions of ORS 163.427.

[3] When first enacted in 1971, the definition of "physically helpless" was codified at ORS 163.305(6); in 1977, the definition was renumbered as ORS 163.305(5), but remained otherwise unchanged. Or Laws 1977, ch 844, § 1.

As relevant to this case, the term "unconscious" can be defined as "not marked by conscious thought, sensation, or feeling" or "having no consciousness for the time being." *Webster's Third New Int'l Dictionary* 2486 (unabridged ed 1971); *see State v. Oliver*, 221 Or App 233, 237-38, 189 P3d 1240, *rev den*, 345 Or 318 (2008) (relevant dictionary definition is the one that "seems most relevant to the use of the word in the statute"). In turn, the term "conscious" can be defined as "mentally active : fully possessed of one's mental faculties : *having emerged from sleep*, faint, or stupor : AWAKE." *Webster's* at 482 (emphasis added). The term "consciousness" can be defined as "the state or activity that is characterized by sensation, emotion, volition, or thought : mind in the broadest possible sense," or "waking life (*as that to which one returns after sleep*, trance, fever) wherein all one's mental powers have returned." *Id.* (emphasis added).

According to defendant, a person who is unconscious is "not aware" and is instead in a state defined by a lack of "conscious thought, sensation, or feeling." He asserts that an unconscious person "might not be able to wake up during an act to communicate unwillingness to another person"—in contrast to a sleeping person who is "merely inactive or dormant, and not necessarily in a state from which she is unable to awake and indicate unwillingness to engage in particular behavior." Defendant then concludes that "someone who is asleep is not in the same state as someone who is lacking conscious thought and feeling." Thus, defendant seems to distinguish the states of unconsciousness and sleep based on whether a person is able to wake up.

We are not persuaded by the distinction that defendant proposes. Contrary to defendant's assertions, the plain meaning of the word "unconscious" does not refer to whether a person is able to wake up; the definition refers to a lack of "conscious thought, sensation, or feeling," and having "no consciousness for the time being." *Webster's* at 2486. Regardless of whether a sleeping person has the *ability* to wake up, that person does not have "conscious" thought, sensation, or feeling until he or she in fact wakes up—that is, a sleeping person is not "mentally active" or "fully possessed of one's mental faculties" until he or she has "emerged from

sleep." *Id.* at 482. Likewise, a sleeping person has no "consciousness"—that is, the person is not in a state "characterized by sensation, emotion, volition, or thought"—until he or she returns to "waking life * * * wherein all one's mental powers have returned." *Id.* Thus, based on the plain text of the statute, a person who is asleep is "unconscious" under ORS 163.305(5) and, therefore, "physically helpless" for purposes of ORS 163.427(1)(a)(C).

That understanding of the term "physically helpless" is consistent with relevant legislative history. ORS 163.305 was enacted as part of the 1971 revision of the Oregon Criminal Code. Or Laws 1971, ch 743, § 104. During the process of revising the Oregon Criminal Code, the Oregon Criminal Law Revision Commission kept careful records of the related proceedings. *See State v. Garcia*, 288 Or 413, 416, 605 P2d 671 (1980) (noting that carefully kept records of the proceedings "provide a rich source for determination of the drafters' intent"). Commentary regarding the section that is now codified as ORS 163.305 notes that the term

> "'[p]hysically helpless' is defined * * * to include a person who is unconscious or for any other reason is physically unable to communicate unwillingness to an act. Examples of persons covered by the definition would be one who is in a state of sleep as a result of drugs or one who is a total paralytic."

Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 104, 105 (July 1970). Defendant argues that by giving the example of "one who is in a state of sleep as a result of drugs," the legislature did not intend to include "natural" sleep—that is, sleep that is not drug-induced—in the definition of "physically helpless." However, "one who is in a state of sleep as a result of drugs" and "one who is a total paralytic" were given as *examples*, not as an exhaustive list, of persons that would qualify under the definition of "physically helpless."

Moreover, section 105 of the Oregon Proposed Criminal Code lists victim characteristics, including being "physically helpless," that render a person incapable of consenting to a sexual act. Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report

§ 105, 105 (July 1970). The commentary to section 105 explains that the characteristic of being "physically helpless" has long been recognized as affecting one's capacity to consent. Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 105, 106-07 (July 1970). Regarding a person who is "physically helpless," the commentary states:

> "The rape of a woman who is mentally incapacitated or physically helpless was also recognized at common law. 75 *CJS*, Rape, § 7, at 468 states: 'It [rape] may be committed on a woman who is insane or idiotic, drugged, intoxicated or asleep.' Under the draft being drugged or intoxicated 'without his consent' renders a person 'mentally incapacitated,' whereas, *being asleep renders one 'physically helpless.'*"

*Id.* (emphasis added). Thus, the legislative history supports our conclusion that a person who is asleep is "physically helpless," as defined by ORS 163.305(5).

A rational factfinder could have found that the victim in this case was asleep when defendant's conduct occurred, and therefore "physically helpless" for purposes of ORS 163.427(1)(a)(C). Thus, the trial court did not err when it denied defendant's motion for judgment of acquittal.

Affirmed.