Submitted June 17, affirmed September 4, 2014, petition for review denied February 19, 2015 (356 Or 767)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAYSON ANDREW TINDALL-MARTIN,
*Defendant-Appellant.*

Linn County Circuit Court
10122061, 11071269;
A151559 (Control), A151560

336 P3d 518

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Haselton, Chief Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of a multitude of sex crimes against five different victims. In this consolidated appeal, he first assigns error to the trial court's denial of his motion for a mistrial during *voir dire*. We reject that assignment without further discussion. In his second and third assignments of error, he maintains that the trial court erroneously denied his motions for a judgment of acquittal on one count of first-degree sexual abuse and one count of first-degree unlawful sexual penetration. The issue that defendant raises in his second and third assignments is whether a victim who is asleep when the sexual abuse occurs is incapable of consent by reason of being "physically helpless." *See* ORS 163.427(1)(a)(C) (sexual contact when the victim is incapable of consent "by reason of being * * * physically helpless" is first-degree sexual abuse); ORS 163.411(1)(c) (penetration of "the vagina * * * with any object other than the penis or mouth of the actor" is first-degree unlawful sexual penetration if the victim is "incapable of consent by reason of * * * physical helplessness").

Defendant argues, as he did in the trial court, that merely being asleep does not render the victim physically helpless. After the completion of briefing and oral argument in this case, we decided *State v. Marker*, 263 Or App 669, 674, 329 P3d 781 (2014), which rejects the same argument that defendant now makes. Accordingly, we affirm.

Affirmed.