Argued and submitted June 9, 2020; Counts 1 and 9 reversed, Counts 2, 3, 4, 5, 6, 7, 8, and 10 reversed and remanded September 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON LEE SWINDLER,
*Defendant-Appellant.*

Jackson County Circuit Court
17CR84835; A168077

498 P3d 828

Lisa C. Greif, Judge.

Larry R. Roloff argued the cause and filed the brief for appellant.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Counts 1 and 9 reversed; Counts 2, 3, 4, 5, 6, 7, 8, and 10 reversed and remanded.

## PER CURIAM

A jury found defendant guilty of two counts of second-degree robbery (Counts 1 and 9), ORS 164.405; six counts of third-degree robbery (Counts 3, 4, 5, 6, 8, and 10), ORS 164.395; and two counts of second-degree theft (Counts 2 and 7), ORS 164.045.[1] Not all of the verdicts were unanimous. Defendant appeals, raising six assignments of error. We briefly address defendant's first and third assignments of error below. Our disposition of those assignments obviates the need to address defendant's supplemental assignments, which assert error under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires unanimous jury for conviction of serious offense). We reject defendant's remaining assignments of error without discussion.

A detailed discussion of the facts would be of little benefit to the bench, bar, or public. The charges arose out of four separate incidents in which defendant was alleged to have either walked or ridden a bicycle up to the window of a drive-through coffee stand and demanded that the workers inside give him the money from their tills. In his first assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on his convictions for second- and third-degree robbery. In particular, with regard to all of the robbery convictions, defendant contends that the state's evidence was insufficient to permit the jury to find, beyond a reasonable doubt, that, in the course of committing the thefts,[2] he "threaten[ed] the immediate use of physical force" upon the coffee-stand workers with the intent of either preventing or overcoming their resistance to the taking of the money or compelling them to deliver the money to him, as required for both second- and third-degree robbery. *See* ORS 164.395(1) (defining third-degree robbery); ORS 164.405 (defining second-degree

---

[1] Counts 2 and 7 were charged as second-degree robbery, but the jury returned verdicts for the lesser-included offense of second-degree theft. The trial court merged the guilty verdicts on those counts with the convictions on Counts 4 and 8 respectively. The court also merged the guilty verdict on Count 3 with Count 1 and the guilty verdict on Count 10 with Count 9.

[2] Defendant does not contest, for purposes of this assignment of error, that the evidence was sufficient for a jury to find the elements of theft.

robbery). And with respect specifically to his second-degree robbery convictions, defendant further contends that the evidence was insufficient for the jury to find that he "[r]epresent[ed] by word or conduct that [he was] armed with what purports to be a dangerous or deadly weapon," as required to prove that offense. ORS 164.405.

Having reviewed the record, including the video-surveillance evidence of each incident, and the applicable law, we reject defendant's argument as to his convictions for third-degree robbery. Viewed in the light most favorable to the state, the evidence is sufficient under *State v. Hall*, 327 Or 568, 966 P2d 208 (1998), for the jury to find, in each instance, that defendant implicitly threatened the immediate use of physical force to compel the worker to give him the money or to overcome any resistance to him taking it. Defendant, therefore, is not entitled to a judgment of acquittal on those counts—Counts 3, 4, 5, 6, 8, and 10. However, we agree with defendant that the evidence is insufficient for a jury to find, without relying on an impermissible stacking of inferences, the additional element required to prove second-degree robbery—that defendant intended to communicate to the workers that he was armed with what was purported to be a dangerous or deadly weapon. *See State v. Oliver*, 221 Or App 233, 189 P3d 1240, *rev den*, 345 Or 318 (2008). We therefore reverse defendant's convictions for second-degree robbery—Counts 1 and 9.

In his third assignment of error, defendant challenges the trial court's admission, over his hearsay objections, of a recorded jail phone call between defendant and his father. During that call, defendant's father refers to seeing the surveillance video that law enforcement had posted on Facebook and makes several statements indicating his belief that defendant was the person seen in the video. Defendant seemingly tries to change the subject. The trial court ruled that the evidence was admissible because the statements were not offered for the truth of the matter asserted but, rather, for the nonhearsay purpose of showing the effect of the statements on defendant—namely, that defendant did not deny his father's statements. Under the reasoning of *State v. Schiller-Munneman*, 359 Or 808, 377 P3d 554 (2016), that was error: The evidence either *had* been

offered for its truth (that defendant was the person who committed the robberies) in violation of the rule against hearsay, or, if not, the effect on defendant was not relevant because the evidence did not meet the requirements of an adoptive admission and the state did not identify any other relevant, nonhearsay purpose for it. *Id.* at 818.

We further conclude that the court's error in admitting the evidence was not harmless. Although defendant makes only a limited argument as to how the erroneous admission of the recorded phone call was prejudicial as to any particular conviction, the state does not contend that the court's ruling, if erroneous, was harmless. Overall, we cannot say that the admission of the recording, which effectively conveyed a father's belief, based on video evidence, that his son was the perpetrator of the alleged crimes, had little likelihood of affecting the outcome. Accordingly, we reverse and remand defendant's remaining convictions for a new trial.

Counts 1 and 9 reversed; Counts 2, 3, 4, 5, 6, 7, 8, and 10 reversed and remanded.