***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 22, affirmed July 12, 2023

JORGE CHRISTIAN GENARO-LOPEZ,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV04107; A176101

J. Burdette Pratt, Senior Judge.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Petitioner appeals from the denial of his petition for post-conviction relief. Petitioner was convicted of raping an acquaintance after a party at which the victim consumed alcohol and smoked marijuana. After the victim went to sleep, she woke up to find petitioner having sex with her. The state charged petitioner with having committed first-degree rape by having sexual intercourse with someone who was incapable of consent by way of physical helplessness. ORS 163.375(1)(d); *see also* ORS 163.305(4); *State v. Marker*, 263 Or App 669, 673-74, 329 P3d 781 (2014) (defining physical helplessness and explaining that someone who is asleep is physically helpless within the meaning of the statute). Petitioner admitted to having sex with the victim but testified that the victim was "awake the whole time" and consented to having sex with him. On appeal, he challenges, in a single assignment of error, eight rulings on eight separate claims in his post-conviction petition.[1] We affirm.

*Failure to consult an expert/offer expert testimony*: In two claims, petitioner asserted that trial counsel was inadequate for not consulting an expert and presenting evidence that the victim's blood alcohol content did not rise to such a level that the victim would have been passed out at the time of the incident. Trial counsel explained that he had neither consulted an expert nor offered expert testimony on the matter because (1) he knew the kind of testimony such an expert would have presented and (2) he believed that the evidence would have been unhelpful given the defense at trial—that the victim was awake and consented. In trial counsel's view, evidence that the victim was not so intoxicated so as to have passed out would have hurt the defense. Counsel explained that evidence that the victim *was* intoxicated, in his view, made it more likely that the jury would believe petitioner's story that the victim was flirting, uninhibited, and willing to have sex with a casual acquaintance and would have

---

[1] As the superintendent recognizes, petitioner's eight challenges should be framed as separate assignments of error. *See State v. Nees*, 319 Or App 725, 736 n 2, 511 P3d 67, *rev den*, 370 Or 212 (2022) ("The grouping of a trial court's rulings under a single assignment of error hinders evaluation of each individual ruling on its merits and is a practice that should not be followed." (Internal quotation marks and citation omitted.)).

decreased the victim's credibility in the eyes of the jury. The post-conviction court credited that testimony and concluded that counsel had acted reasonably, and that petitioner had not been prejudiced.

We agree that the theory of petitioner's defense rendered counsel's tactical decisions reasonable and, for the same reasons, were not prejudicial to petitioner. *Richardson v. Belleque*, 362 Or 236, 256, 406 P3d 1074 (2017) ("[W]hen counsel has reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." (Internal quotation marks omitted.)); *Thompson v. Belleque*, 268 Or App 1, 17, 341 P3d 911 (2014), *rev den*, 357 Or 300 (2015) ("Among the universe of reasonable tactical decisions is the decision not to present expert evidence.").

*Failure to request a jury instruction on an affirmative defense*: Petitioner asserted that counsel was inadequate for failing to request a jury instruction that petitioner did not "know of the facts or conditions responsible for the victim's incapacity to consent[.]" ORS 163.325(3); UCrJI 1633. The burden of proving that affirmative defense, had trial counsel raised it, would have rested with petitioner. Trial counsel explained that, among other factors, he did not request that instruction because he did not believe that the evidence supported it, and that in fact the instruction ran contrary to petitioner's defense. The post-conviction court, relying on counsel's explanation, concluded that trial counsel had acted reasonably, and that petitioner was not prejudiced. Again, we agree. No evidence was presented that petitioner did not know that the victim was physically helpless (asleep); instead, his sole defense was that the victim was awake throughout and consented to the sexual intercourse. In that respect, the evidence did not support the instruction and offering it would have contradicted petitioner's defense. *See Krummacher v. Gierloff*, 290 Or 867, 878-79, 627 P2d 458 (1981) ("Defense counsel regarded it as strategically unsound to dilute the effect of his credible attack on the state's evidence by asserting a theory of defense which was not credible.").

*Failure to request instruction requiring petitioner's knowledge that victim was physically helpless*: Petitioner asserted that trial counsel was inadequate for not requesting a jury instruction that would have told the jury that the state had to prove that petitioner "knew" that the victim was physically helpless (asleep). The post-conviction court concluded that petitioner failed to prove that he was prejudiced because, among other reasons and as discussed above, petitioner's defense was that the victim was awake and actively participating in sex. Given that the jury found petitioner guilty, it could not have simultaneously found that the victim was asleep and that petitioner did not know of that fact.

*Failure to move for an arrest of judgment*: Petitioner asserted that trial counsel acted deficiently by failing to move in arrest of judgment based on the indictment. The indictment alleged that petitioner had sexual intercourse with the victim when she "was incapable of consent by reason of physical incapacitation or physical helplessness." "[P]hysical incapacitation" is not one of the conditions defining first-degree rape. Rather, a victim may be incapable of consent "by reason of mental defect, *mental* incapacitation or physical helplessness." ORS 163.375(1)(d) (2013) (emphasis added). The post-conviction court rejected that claim, finding that the jury was never instructed that it could find petitioner guilty if the victim was "physically incapacitated" and instead was instructed only that it could find petitioner guilty if it found that the victim was "physically helpless." For that reason, and because the state never proceeded at trial on a theory that the victim suffered from physical incapacitation, petitioner failed to prove that he was prejudiced.

*Failure on appeal to assign error to admission of testimony*: Petitioner asserted that appellate counsel acted deficiently by failing to assign error to admission of a detective's testimony about the impact of stress hormones stemming from a traumatic event because it constituted inadmissible expert testimony. Appellate counsel explained that they did not assign error to that testimony because the state below had clarified that it was not trying to qualify the detective as an expert and that the detective herself

said that she was not an expert. The post-conviction court concluded that petitioner had not shown that appellate counsel was inadequate or that he had suffered prejudice. On appeal, petitioner reprises his argument that appellate counsel was inadequate for not assigning error to the detective's testimony because the state had not qualified her as an expert. In addition, he argues that the detective's testimony was inadmissible under OEC 703, was hearsay, and violated petitioner's rights under the Confrontation Clause and that appellate counsel was inadequate for not raising those arguments.

As the superintendent observes, petitioner failed to preserve the latter series of arguments. The only claim he preserved was that appellate counsel was inadequate for failing to assign error to the detective's "expert" testimony. As to that claim, the post-conviction court correctly concluded that appellate counsel acted reasonably in not raising that issue on appeal, given the context in which the detective gave her testimony. It also correctly concluded that petitioner had failed to establish prejudice, given that the detective did not testify as an expert and given that the testimony likely would have been harmless error on appeal.

*Failure on appeal to assign error to not giving jury instruction on consent*: Petitioner asserted that appellate counsel acted deficiently by failing to assign error to the trial court's refusal to give a jury instruction that would have required the state to prove that the victim did not factually consent to sexual intercourse. But, as the post-conviction court found, appellate counsel *did* assign error to the trial court's failure to give that instruction and, on appeal here, petitioner does not challenge that finding. *See Meyers v. Maass*, 106 Or App 32, 34 n 1, 806 P2d 695 (1991) ("We need not consider petitioner's arguments that disregard the post-conviction court's supportable findings of fact.").

*Failure on appeal to assign error to not giving jury instruction on culpable mental state*: Lastly, petitioner asserted that appellate counsel acted deficiently by failing to assign error to the trial court's refusal to give a jury instruction that would have told the jury that the state had to show that petitioner knew or was aware of and consciously

disregarded a substantial and unjustifiable risk, or failed to be aware of such a risk, that the victim was incapable of consent by reason of her physical helplessness. Trial counsel requested that instruction, the trial court declined to give it, and appellate counsel did not assign error to that ruling. But as petitioner's post-conviction counsel acknowledged at petitioner's trial, the proposed jury instruction that trial counsel proffered was an incorrect statement of the law. Given that concession, the post-conviction court did not err in denying relief on petitioner's claim that appellate counsel unreasonably failed to assign error to the trial court's refusal to give that same instruction. The post-conviction court correctly denied relief.

Affirmed.