Argued and submitted May 12, affirmed June 9, 2004

In the Matter of
Jason M. Garrett, a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF MARION COUNTY,
*Respondent,*

*v.*

JASON M. GARRETT,
*Appellant.*

J890668; A121099

91 P3d 830

George Kelly argued the cause for appellant. On the brief was Keliang Zhu.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Youth appeals an order of disposition that found that he had committed acts that, if committed by an adult, would constitute unlawful manufacturing of a destructive device. ORS 166.384. He challenges the sufficiency of the evidence, arguing that the state failed to prove beyond a reasonable doubt that he possessed a "destructive device." According to youth, at best, he possessed a lawful firework, which is expressly excluded from the statutory definition of "destructive device." On *de novo* review, ORS 419A.200(6)(b), we affirm.

The relevant facts are not in dispute. Youth, while an eighth-grade student, possessed a lawful firework, commonly known as a "Piccolo Pete." He hammered the firework flat and wrapped it in duct tape. He then brought the device to school, where one of his teachers discovered it and contacted the police.

The state alleged that youth was within the jurisdiction of the juvenile court because his acts constituted the unlawful manufacture of a destructive device, in violation of ORS 166.384, which provides, in part:

"(1)   A person commits the crime of unlawful manufacture of a destructive device if the person assembles, produces or otherwise manufactures:

"(a)   A destructive device, as defined in ORS 166.382[.]"

A "destructive device" is defined to include, among other things, a "[b]omb." ORS 166.382(1)(a)(A). It is, however, also defined to exclude "any device which is designed primarily or redesigned primarily for use as a * * * pyrotechnic * * * device." ORS 166.382(2)(a). A "pyrotechnic device" is not defined by statute. The term generally refers to what are commonly known as "fireworks." *Webster's Third New Int'l Dictionary* 1854 (unabridged ed 1993). "Fireworks" are defined as combustible or explosive substances, including "bombs," that are "prepared for the purpose of providing a visible or audible effect." ORS 480.110(1). They, too, are unlawful to possess, subject to exceptions not pertinent to

this case. ORS 480.120. A "firework," however, does not include a "cylindrical fountain," which is a tube of not more than three-quarters of an inch in diameter that contains not more than a specified amount of combustible material and is designed to produce a shower of colored sparks when ignited. ORS 480.127(4)(c).

In this case, the state alleged that youth manufactured a destructive device. Youth's defense, stated in his trial memorandum, was that the device that he possessed was not a "destructive device" within the meaning of ORS 166.384. He expressly disclaimed any reliance on the exclusion from the definition of "destructive device" for "pyrotechnic device[s]" contained in ORS 166.382(2)(a). He likewise expressly contended that the device he possessed was not a "firework" within the meaning of ORS 480.110. Instead, his argument was that (1) the device lacked sufficient destructive capacity to qualify as a "bomb," and (2) the device was instead a legally permissible "cylindrical fountain" within the meaning of ORS 480.127(4)(c).

At trial, the state put on evidence that, by pounding the Piccolo Pete, youth had increased the density of the explosive powder that it contained, which would change the "burn rate" and allow the resulting gases to escape at a much higher velocity. The state's witness also explained that the duct tape wrapping could contain those gases until the pressure built up to a point that the device could explode. The state's witness explained that the result was a bomb and that the bomb, if ignited, would have dangerous destructive capacity.

At the close of the evidence, youth argued that the state had not demonstrated that the modified Piccolo Pete was a "bomb" and that, as a result, the state had failed in its proof. The trial court rejected youth's argument.

On appeal, youth once again argues that the state failed to demonstrate that the modified Piccolo Pete was a "destructive device." In his brief, he argues that (1) the modified Piccolo Pete does not have sufficient destructive capacity to qualify as a "destructive device," (2) the device is a lawful "cylindrical fountain" within the meaning of ORS 480.127(4), and (3), even if not a "cylindrical fountain," the

device still is a "pyrotechnic device" that is excluded from the definition of impermissible "destructive devices" under ORS 166.382(2)(a).

■ We take each of the arguments in turn. We begin with the issue whether the state proved that the modified Piccolo Pete was a "destructive device." According to youth, the fact that a device is capable of exploding does not make it a "destructive device." He argues that some significant amount of destructive capacity is required. He does not identify what level of destructive capacity is required, but he insists that the device in this case does not qualify. The state argues that its witness testified that the device is a "bomb," and that ends the matter.

The state is correct, although not for the reason that it advances. Merely because a witness has testified that a device is a bomb does not necessarily establish that the device is a "bomb" within the meaning of ORS 166.382(1)(a)(A). That is a matter of statutory construction.

The statute in this case does not define what constitutes a "bomb." The ordinary meaning of the term, at least as pertinent to this case, is a "device carrying an explosive charge fused to detonate under certain conditions," such as by impact or by a timer. *Webster's* at 249. Nothing in the wording of the statute suggests that the legislature intended a different meaning for the term. And nothing in the statute suggests that the legislature intended that the explosive charge that characterizes a "bomb" must be of a certain magnitude. In this case, it is undisputed that, as youth modified it, the Piccolo Pete was capable of exploding and was fused to detonate when lit. The state thus established that the device was a "bomb" within the meaning of the statute and was, therefore, a destructive device.

■ We turn to youth's argument that the device was a lawful "cylindrical fountain." Youth argues that a Piccolo Pete satisfies the statutory definition of that class of lawful fireworks. The state argues that, although the device may have qualified as a "cylindrical fountain" in its original, unaltered state, the fact remains that youth altered it so that it would no longer merely produce "shower[s] of colored sparks and sometimes a whistling effect," ORS 480.127(4)(c), when

ignited. After the modifications, the state argues, the device was capable of exploding. We agree with the state.

■ We turn to youth's final argument, that, even if the device as altered was not a cylindrical fountain, and even if it was a bomb, the state failed to prove that the Piccolo Pete was not the sort of bomb that is a "pyrotechnic device" that is expressly excluded from the definition of a prohibited "destructive device." ORS 162.382(2)(a). That argument, however, was expressly abandoned at trial. We will not, therefore, address it for the first time on appeal.

Affirmed.