Submitted February 26, 2014, reversed May 10, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RODNEY KEITH BLUEL, II,
*Defendant-Appellant.*

Marion County Circuit Court
11C48666; A151119

397 P3d 497

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge,* and Haselton, Senior Judge.

---

* DeVore, J., added pursuant to ORS 2.570(2)(b).

**DUNCAN, P. J.**

In this criminal case, the state charged defendant with two counts of unlawful manufacture of a destructive device. ORS 166.384(1)(a). Defendant waived his right to a jury, and the trial court found defendant guilty of both counts. Defendant appeals. As explained below, we conclude that the trial court failed to apply the correct definition of "destructive device," which excludes any device that "is designed primarily or redesigned primarily for use as a * * * pyrotechnic" device. ORS 166.384(1)(a); ORS 166.382(2)(a). We further conclude that, because the trial court's express factual findings establish that the devices at issue were designed primarily for use as pyrotechnic devices, the trial court erred in convicting defendant of manufacturing destructive devices. Accordingly, we reverse.

We begin with the facts, which are undisputed. During a traffic stop in 2011, officers found two objects in defendant's truck. Defendant told the officers that the objects were firecrackers or fireworks and that he wanted to hear them "go boom." The first object was a small plastic container that held 28 grams of smokeless powder and 11 "snap pop" fireworks. The container had a hole with a four-inch fuse. The second object was similar, but it contained 24 grams of smokeless powder, seven "snap pop" fireworks, and it did not have a fuse.

At trial, the state called a hazardous device technician, Blank, as a witness. Blank testified that if a person threw or stepped on the objects, the "snap pop" fireworks could ignite the smokeless powder, which would create heat and pressure that could cause the container to explode and send out plastic fragments. According to Blank, if a person stepped on one of the objects and it exploded, the person could be burned. In addition, if the object exploded and sent out plastic fragments, the fragments could injure a person.

At the close of the state's case, defendant moved for a judgment of acquittal. Defendant argued that the objects at issue did not fall within the statutory definition of "destructive device" because that definition excludes any device that "is designed primarily or redesigned primarily for use as a * * * pyrotechnic" device, ORS 166.382(2)(a),

and that, under *State ex rel Juv. Dept. v. Garrett,* 193 Or App 629, 91 P3d 830 (2004), "pyrotechnic devices" are "fireworks," and "fireworks" are "combustible or explosive substances, including bombs, that are prepared for the purpose of providing a visual or audible effect." Specifically, defense counsel argued:

"[ORS 166.382(2)(a)] indicates that a pyrotechnic device is excluded from the definition of a destructive device, and * * * the *Garrett* case * * * indicates that a pyrotechnic device is not defined by statute but the term generally refers to what we know as fireworks, and fireworks are defined as combustible or explosive substances, including bombs, that are prepared for the purpose of providing a visual or audible effect. * * * [W]e are arguing that it clearly falls within the statute as one of the exclusions that it was a firework. By my client's own admission, he created it as a firework. He didn't knowingly create a destructive device, and if Your Honor finds that he did knowingly create a destructive device, that if it was considered a bomb, that it falls within the exclusions or what are kept out of the statute as a pyrotechnic device or a firework, by what he indicated it was."

The trial court denied defendant's motion. Defendant did not present any evidence, and the case proceeded to closing arguments.

In his closing argument, defense counsel again argued that the objects at issue were not "destructive devices" because they were "pyrotechnic devices," that is, "fireworks." Specifically, defense counsel argued:

"I would like to point out specifically to [ORS] 166.382(2)(a) which defines destructive device. It says it does not include any device which is designed primarily or redesigned primarily—and I'm focusing on the word redesigned, showing that we can have one design for something but if we redesign it as a pyrotechnic device, and it says pyrotechnic device, we don't have a definition of pyrotechnic device by statute but in the *Garrett* case it says that we commonly refer to it as a firework. Now, that's what my client called it when he was stopped and arrested. He referred to it as a firework and that it would go boom, like a firework. *So that is what he redesigned the materials that he had for, for a primary use of being a pyrotechnic device.* We have the definition from *Garrett* of a firework. It's defined as combustible

or explosive substance, and it says including bombs, that are prepared for the purpose of providing a visible or audible effect. And that goes further with what my client admitted to the officer that he made the device and that it was for to be a boom, like a firework. So we're advocating that it would be a pyrotechnic device."

(Emphasis added.)

The trial court rejected defendant's arguments. At the outset of its ruling, the trial court found that defendant's intent in creating the devices "was to make some display or hear something go boom, or I can't remember what the words were. \*\*\* [T]he intent wasn't to create a device that was going to be used in some terrorist activity or something of that nature." But, the court concluded that the objects fell within the definition of "destructive device," and convicted defendant.

On appeal, defendant argues that destructive devices do not include objects that are designed or redesigned to be used primarily as fireworks and that, given the trial court's factual findings, the objects at issue were redesigned primarily for use as fireworks, as defined in *Garrett*, in that they were "combustible or explosive substances \*\*\* prepared for the purpose of providing a visual or audible effect." (Internal quotation marks omitted.) The state agrees that destructive devices do not include objects that are designed or redesigned primarily for use as fireworks, but disagrees with defendant's reliance on the definition of "firework" in *Garrett*, contending that it is *dicta*. The state proffers an alternative definition of "firework" and contends that the objects at issue do not fall within that definition. Specifically, the state argues that the applicable definition of "firework" is:

"[A] device for producing a striking display (as of light, noise, or smoke) by the combustion of explosive or flammable compositions esp. for exhibition, signaling, or illumination and typically consisting of a paper case containing combustible material (as charcoal, sulfur, or a metal powder, an oxidizing agent (as a nitrate or chlorate), and a metal salt as a coloring agent if color is desired[.]"

*Webster's Third New Int'l Dictionary* 856 (unabridged ed 2002). Treating the definition's description of the "typical"

type of case as a requirement, the state asserts that "a 'firework' is a device with a *paper* case containing combustible material used to make a striking display of light or noise." (Emphasis added.) Applying that formulation, the state argues that the objects at issue are not fireworks because they had *plastic* cases.

The parties' arguments give rise to two questions: (1) What constitutes a "pyrotechnic device," also known as a "firework," and, as such, is excluded from the definition of "destructive device," and (2) given its own fact findings, could the trial court conclude that the objects at issue were "destructive devices?"

The first question is one of statutory interpretation, which we address by employing the familiar methodology established by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). We first examine the text and context of the statute, as well as any useful legislative history, and, if that examination does not resolve the question, we apply maxims of statutory construction. *Gaines*, 346 Or at 171-72. "[W]e begin with the statutory text and context, which are the best evidence of the legislature's intent." *Wyers v. American Medical Response Northwest, Inc.*, 268 Or App 232, 244, 342 P3d 129 (2014), *aff'd*, 360 Or 211, 377 P3d 570 (2016). Statutory context includes prior opinions interpreting the statute, as well as other provisions of the same or related statutes. *Id.* (citing *Polacek and Polacek*, 349 Or 278, 284, 243 P3d 1190 (2010)).

As mentioned, defendant was charged with two counts of unlawful manufacture of a destructive device, which is defined by ORS 166.384. That statute provides, in part, that "[a] person commits the crime of unlawful manufacture of a destructive device if the person assembles, produces or otherwise manufactures * * * [a] destructive device, as defined in ORS 166.382[.]" In turn, ORS 166.382 defines the crime of unlawful possession of a destructive device, as well as terms used in the definition. It provides, in part:

"(1)   A person commits the crime of unlawful possession of a destructive device if the person possesses:

"(a)  Any of the following devices with an explosive, incendiary or poison gas component:

"(A)  Bomb;

"(B)  Grenade;

"(C)  Rocket having a propellant charge of more than four ounces;

"(D)  Missile having an explosive or incendiary charge of more than one-quarter ounce; or

"(E)  Mine; or

"(b)  Any combination of parts either designed or intended for use in converting any device into any destructive device described in paragraph (a) of this subsection and from which a destructive device may be readily assembled.

"(2)  As used in this section:

"(a)  *'Destructive device' does not include any device which is designed primarily or redesigned primarily for use as a signaling, pyrotechnic, line throwing, safety or similar device.*"

(Emphasis added.) Thus, as defined by ORS 166.382, "destructive device" does not include any device which is designed or redesigned primarily for use as a "pyrotechnic" device.

We addressed the definition of "destructive device" in *Garrett*, 193 Or App 629, a juvenile delinquency case. In *Garrett*, the youth appealed the juvenile court's order asserting jurisdiction over him for committing an act that, if committed by an adult, would constitute unlawful manufacture of a destructive device under ORS 166.384. On appeal, the youth argued that the state had failed to present sufficient evidence that the object at issue—which we described as "a lawful firework, commonly known as a 'Piccolo Pete[,]'" that the youth had hammered flat and wrapped in duct tape—was a "destructive device." 193 Or App at 631. We noted that "destructive device" is defined to include, among other things, a "bomb." *Id.* (brackets omitted). We also noted that it is defined to exclude any device that is designed or redesigned primarily for use as a "pyrotechnic device." *Id.* We

observed that the term "pyrotechnic device" is not defined by statute and that it "generally refers to what are commonly known as 'fireworks.'" *Id.* (citing *Webster's Third New Int'l Dictionary* 1854 (unabridged ed 1993)). For a definition of "fireworks," we looked to the then-current Oregon Fireworks Law, ORS 480.110 to 480.160, and, relying on that law's definition of "fireworks," which was set out at ORS 480.110(1), we stated, "'Fireworks' are defined as combustible or explosive substances, including 'bombs,' that are 'prepared for the purpose of providing a visible or audible effect.'" *Id.* (quoting *former* ORS 480.110(1) (2003)).[1]

We did not, however, determine whether the object at issue in *Garrett* was a "firework" because, in the juvenile court, the youth had expressly disclaimed reliance on the pyrotechnic device or firework exception. He argued that not only was the object not a destructive device, it was not even a firework. 193 Or App at 633. He pointed out that the definition of "firework" excluded certain "cylindrical fountains" that are designed to produce showers of colored sparks, and he argued that the object at issue was such a fountain. *See* ORS 480.127(4)(c) (2003), *amended by* Or Laws 2013, ch 24, § 3. Reviewing *de novo*, we acknowledged that the definition of "firework" excluded certain fountains, but determined that the object at issue was not such a fountain because the youth had "altered it so that it would no longer merely produce 'shower[s] of colored sparks.'" 193 Or App at 633

---

[1] *Former* ORS 480.110(1) (2003) provided, in part:

"'Fireworks' means any combustible or explosive composition or substance, or any combination of such compositions or substances or any other article which was prepared for the purpose of providing a visible or audible effect by combustion, explosion, deflagration or detonation, and includes blank cartridges or toy cannons in which explosives are used, balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, Roman candles, bombs, rockets, wheels, colored fires, fountains, mines, serpents or any other article of like construction or any article containing any explosive or inflammable compound or any tablets or other device containing any explosive substances or inflammable compound[.]"

In 2013, after both *Garrett* and defendant's conduct in this case, the legislature repealed ORS 480.110. Or Laws 2013, ch 24, § 13. At the same time, it enacted the provisions that were subsequently codified in ORS 480.111, which define certain terms used in ORS chapter 480. Or Laws 2013, ch 24, § 2. Throughout the remainder of this opinion, we use *"former* ORS 480.110" to refer to this former statute, which existed in the same form from 1983 to 2013.

(quoting ORS 480.127(4)(c) (2003)). Instead, it was "capable of exploding." *Id.* at 634.[2]

Because, in the juvenile court, the youth had "expressly disclaimed any reliance on the exclusion from the definition of 'destructive device' for 'pyrotechnic device[s]' contained in ORS 166.382(2)(a)," *id.* at 632, we did not reach his argument, raised for the first time on appeal, that, even if the object was a "bomb," "the state had failed to prove that [it] was not the sort of bomb that is a 'pyrotechnic device' that is expressly excluded from the definition of a prohibited 'destructive device.'" *Id.* at 634. Consequently, as the state contends, our statements of the definitions of "pyrotechnic device" and "firework" in *Garrett* are *dicta.*

However, after *Garrett,* we decided *State v. J. N. S.,* 258 Or App 310, 308 P3d 1112 (2013), a juvenile delinquency case in which the youth was alleged to have possessed and manufactured a destructive device. In *J. N. S.,* the youth argued that the object at issue—a tennis ball that was filled with smokeless gunpowder and had a fuse made from a "Pixie Stick" wrapper—was a "pyrotechnic device." To address the youth's argument, we had to interpret the term "pyrotechnic device," and, following *Garrett* and its reliance on *former* ORS 480.110(1), we held that "pyrotechnic devices" are "fireworks," and "fireworks" are "combustible or explosive substances, including 'bombs' that are 'prepared for the purpose of providing a visible or audible effect.'" 258 Or App at 323 (quoting *Garrett,* 193 Or App at 631).[3]

We adhere to that interpretation. The state's arguments, discussed below, do not establish that our interpretation was wrong, much less "plainly wrong" as required for this court to overrule its precedent. *See State v. Civil,* 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that a party

---

[2] The state had presented evidence that, by pounding the Piccolo Pete flat, the youth "had increased the density of the explosive powder that it contained, which would change the 'burn rate' and allow the resulting gases to escape at a much higher velocity." 193 Or App at 632. The state also presented evidence that "the duct tape wrapping could contain those gases until the pressure built up to a point that the device could explode." *Id.*

[3] In *J. N. S.,* we remanded the case to the trial court because the court had not addressed whether the device at issue was designed or redesigned primarily for the purpose of providing a visible or audible effect. 258 Or App at 325.

seeking to have one of our prior decisions overruled must demonstrate that the prior decision was "plainly wrong").

The state argues that we should not, as we did in *Garrett* and *J. N. S.*, rely on the "firework" definition from *former* ORS 480.110(1). The state notes that *former* ORS 480.110 expressly provides that it defines terms "[f]or the purposes of [*former*] ORS 480.110 to 480.160,* * * the Oregon Fireworks Law[.]" Thus, the state reasons, the definition should not be used when interpreting the destructive device statutes, which are not part of the Oregon Fireworks Law. According to the state, "[t]he definition in [*former*] ORS 480.110(1) is not part of the context for ORS 166.382(2)."

The state's argument, which would require us to overrule *J. N. S.*, is unavailing. A statute's context includes related statutes. *State v. Klein*, 352 Or 302, 309, 283 P3d 350 (2012). The destructive device statutes were enacted in 1989, after the enactment of provisions of ORS chapter 480, which governed "fireworks" and "explosives." ORS 480.010 - 480.290. The legislature was aware of those provisions, as evidenced by the fact that ORS 166.382, which defines the crime of possession of a destructive device, provides that it does not apply to persons who possess explosives as provided in chapter 480. Specifically, ORS 166.382(3)(a) provides that ORS 166.382 "does not apply to * * * [p]ersons who possess explosives as provided in ORS 480.200 to 480.290."

From that cross-reference, we conclude that, when enacting the destructive device statutes, the legislature relied upon the definition of "explosive" set out at ORS 480.200(1), which defined "explosives" to exclude "fireworks as defined by [*former*] ORS 480.110(1)."[4] The cross-reference

---

[4] ORS 480.200(1) (1987) provided:

"'Explosive' means a chemical compound, mixture or device that is commonly used or intended for the purpose of producing a chemical reaction resulting in a substantially instantaneous release of gas and heat, including but not limited to dynamite, blasting powder, nitroglycerin, blasting caps and nitro-jelly, *but excluding fireworks as defined by ORS 480.110(1)*[.]"

(Emphasis added.)

In 1999, ORS 480.200(1) (1987) was renumbered as ORS 480.200(3), and in both 1999 and 2001, the provision was amended in ways that are immaterial to this opinion. Or Laws 1999, ch 980, § 1; Or Laws 2001, ch 914, § 26. Thereafter, as part of the 2013 amendment, *see* 285 Or App at 364 n 1, the legislature amended ORS 480.200(3) (2001) to refer to the definition of "fireworks" in ORS 480.111. Or Laws 2013, ch 24, § 10.

indicates that, when it enacted the destructive device statutes, the legislature was aware of provisions in ORS chapter 480 governing "fireworks" and "explosives," including the definition of "firework" in [*former*] ORS 480.110(1). It also indicates that the legislature intended the destructive device statutes to be consistent with those provisions. Thus, contrary to the state's argument, we properly considered the definition of "firework" in *former* ORS 480.110(1) in *Garrett* and *J. N. S.*[5]

In sum, adhering to *Garrett* and *J. N. S.*, we conclude that, under the statutes that apply to this case, a "destructive device" does not include "any device which is designed primarily or redesigned primarily for use as a * * * pyrotechnic * * * device," ORS 166.382(2)(a), and a "pyrotechnic device" is a "firework," which is defined as "any combustible or explosive composition or substance, or any combination of such compositions or substances, or any other article which was prepared for the purposes of providing a visible or audible effect," *former* ORS 480.110(1).[6]

Having defined "pyrotechnic device" for the purposes of the destructive device statutes, we turn to defendant's argument that, applying that definition, the trial court erred in convicting him of the two charged counts. Defendant assigns error to the trial court's denial of his motion for judgment of acquittal, but defendant's argument is that, applying the proper definition of "pyrotechnic device" to the facts as found by the trial court, the trial court erred in convicting him.

---

[5] The state also argues that we should not rely on the definition of "firework" in *former* ORS 480.110 because the legislature has adopted new definitions for the Oregon Fireworks Law. That argument is unavailing because those definitions were not in effect at the time of the charged crimes.

[6] We note that this definition is not inconsistent with the state's definition. As set forth above, the state argues that, instead of the definition of "firework" in *former* ORS 480.110(1), we should use a dictionary definition, which, as summarized by the state, provides that a "firework" is "a device for producing a 'striking display' of 'light, noise, or smoke' from the 'combustion of explosive or flammable compositions * * * typically consisting of a paper case containing combustible material * * *, an oxidizing agent * * *, and a metal salt as coloring agent if color is desired." (Quoting *Webster's* at 856.) The state argues that, under that definition, the objects at issue in this case are not fireworks because they did not have paper cases. But even under the state's definition, although a paper case may be "typical," it is not required.

Procedurally, defendant's argument is similar to one raised in *State v. Clum*, 216 Or App 1, 7-9, 171 P3d 980 (2007). In *Clum*, the defendant was charged with failing to report as a sex offender, in violation of ORS 181.597, which was enacted in 1995. The defendant waived his right to a jury, and the case was tried to the court. At trial, the state presented evidence that the defendant had moved to Oregon in 1996, after the enactment of ORS 181.597, and the defendant responded by presenting evidence that he had moved to Oregon in 1994, before the enactment of ORS 181.597. After the presentation of evidence by both parties, the defendant moved for a judgment of acquittal on the ground that, because he had moved to Oregon before the enactment of ORS 181.597, it did not apply to him. The state countered that, even if the defendant had moved to Oregon before the enactment of ORS 181.597, it applied to him. The trial court expressly found that the defendant had moved to Oregon in 1994, before the enactment of ORS 181.597, but it adopted the state's argument that the statute applied to the defendant, regardless of when he had moved to Oregon, and convicted him.

The defendant appealed, assigning error to the trial court's denial of his motion for judgment of acquittal. In response, the state argued that the trial court could not have granted the motion for judgment of acquittal because

"there was conflicting evidence as to whether defendant moved to Oregon before the effective date of ORS 181.597 and, in reviewing the denial of a motion for a judgment of acquittal, we review the record and all reasonable inferences that may be drawn therefrom in the light most favorable to the state to determine whether the trier of fact could have found all of the elements of the charged offenses beyond a reasonable doubt."

216 Or App at 5. As we summarized, the state's argument reduced to the proposition that, because the defendant "chose the wrong procedural vehicle for his challenge to the application of ORS 181.597 and, on appeal, defendant assigns error only to the denial of his procedurally improper motion, his assignment of error is defeated by the requisite standard of review[.]" *Id.*

We rejected that argument, which would have required us to ignore the trial court's express factual finding regarding when the defendant had moved to Oregon. We explained that the defendant's motion for judgment of acquittal was "directly analogous to a ruling on an exception to an instruction in a jury trial." *Id.* at 6. In the trial court, the defendant had made both a legal argument—*viz.*, that ORS 181.597 did not apply to persons who had moved to Oregon before the enactment of the statute—and a factual argument—*viz.*, that he had moved to Oregon before the enactment date. And, the trial court had addressed both arguments. On appeal, we concluded that, contrary to the trial court's ruling, ORS 181.597 does not apply to persons who moved to Oregon before it was enacted, and, because the trial court had expressly found that the defendant had moved to Oregon before the statute was enacted, we reversed the judgment of conviction. We explained:

> "[T]he trial court made a finding of fact on a disputed issue after a full trial on the merits. The court made that finding knowing that it was the only fact in dispute between the parties and that, from defendant's point of view, it was dispositive."

*Id.* at 7. Thus, in *Clum*, we did not remand for the trial court to correctly apply ORS 181.597, because the trial court had already resolved the dispositive factual issue.

In this case, as in *Clum*, defendant made both a legal argument and a factual argument. He argued that, as a matter of law, "destructive device" does not include any device that is primarily designed or redesigned for use as a "pyrotechnic device" and that, as we had held in *Garrett*, "pyrotechnic devices" are "fireworks," and "fireworks" are "combustible or explosive substances, including bombs, that are prepared for the purpose of providing a visual or audible effect." He also argued that, as a matter of fact, he created the objects to make noise. Because, as discussed above, defendant's legal argument is correct, the only remaining question is whether, given the trial court's express factual findings regarding defendant's intent, the trial court erred in convicting him. We conclude that it did.

Whether the objects fell within the definition of "fireworks," and therefore were excluded from the definition

of "destructive devices," was dependent upon defendant's primary purpose in designing or redesigning them. As defendant argued to the trial court, if his primary purpose was to use the objects to "provid[e] a visual or audible effect," then they were "fireworks." In response to defendant's argument, the trial court expressly found that defendant's "intent was to make some display or hear something go boom" and that his "intent wasn't to create a device that was going to be used in some terrorist activity or something of that nature." Given that express finding—which, as in *Clum*, the trial court made "knowing that it was the only fact in dispute between the parties and that, from defendant's point of view, it was dispositive"—the trial court erred in concluding that the objects were "destructive devices," as defined by ORS 166.382.

Reversed.