Argued and submitted May 31, 2018; reversed October 2, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD EDWARD NICKLES,
*Defendant-Appellant.*

Coos County Circuit Court
16CR21589; A163384

451 P3d 624

Defendant appeals a judgment of conviction for unlawful possession of a destructive device, ORS 166.382, assigning error to the trial court's denial of his motion for judgment of acquittal on the ground that the state failed to adequately corroborate his confession, and, therefore, the confession was not sufficient to warrant conviction. ORS 136.425. The state argues that defendant's confession was adequately corroborated by the extent of defendant's injuries and a police officer's description of the device. *Held*: The trial court erred in denying defendant's motion for judgment of acquittal. Defendant's injuries did not tend to establish that defendant had unlawfully possessed an explosive device because those injuries could have been caused by either an unlawful explosive device or a lawful firework. Furthermore, the officer's description of the device was not corroborating evidence of defendant's confession because the description was derived from the confession itself; testimony that is based solely on a confession cannot serve to corroborate the confession because such testimony is dependent on the confession, and therefore does not constitute an independent, corroborating fact.

Reversed.

Richard L. Barron, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jamie K. Contreras, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Shorr, Judge, and Bunch, Judge pro tempore.

ARMSTRONG, P. J.

Reversed.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for unlawful possession of a destructive device, ORS 166.382, assigning error to the trial court's denial of his motion for judgment of acquittal. Defendant contends on appeal that the state failed to adequately corroborate his confession and, therefore, that the confession was not sufficient to warrant conviction. ORS 136.425(2). We conclude that the state failed to corroborate the confession with evidence that a crime had occurred, and, accordingly, we reverse defendant's conviction.

When reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state and determine whether a rational factfinder could have inferred that the state had proven all of the essential elements of the charged crime beyond a reasonable doubt. *See, e.g.*, *State v. Hernandez*, 256 Or App 363, 364, 300 P3d 261, *rev den*, 353 Or 868 (2013). However, we may include evidence of a defendant's confession in our consideration of whether the state has met that burden only if the confession is supported by legally sufficient corroborating evidence. *State v. Simons*, 214 Or App 675, 677, 167 P3d 476 (2007), *rev den*, 344 Or 43 (2008).

Defendant and his girlfriend had been drinking when defendant decided to throw a homemade explosive device into a nearby lake. Defendant held onto the device after lighting the fuse because he wanted to time his throw so that the device would explode at the moment that it hit the water. However, defendant mistimed his throw, and the device detonated in his hand, causing severe injuries. Defendant was rushed to the hospital.

Officer Floyd of the Coos County Sheriff's Department was dispatched to interview defendant at the hospital. When he arrived, Floyd knew only that someone in the hospital had suffered an injury from an explosive. Floyd found defendant in a room with a "very, very traumatic injury to his left hand." Floyd noted that defendant was alert but in serious pain. Floyd asked defendant what had happened, and defendant told him that he had constructed a device by filling an empty $CO_2$ cartridge with reloading powder and

attaching a fuse to it. At trial, Floyd described the device that defendant had created as a "field expedient hand grenade." According to Floyd, defendant said that he had created the device "with the intent of throwing it in the water and watching it explode." When asked if the device could possibly be a firework, Floyd testified that no firework would be constructed with a metal casing because such a design would be unsafe. Floyd also testified that the device would not have any significant visible effects when ignited.

Defendant was charged with one count of unlawful manufacture of a destructive device and one count of unlawful possession of a destructive device. After the state presented its case-in-chief, defendant moved for a judgment of acquittal on both counts. The trial court granted defendant's motion with respect to the manufacturing count but denied it on the possession count. The trial court relied on Floyd's description of the device and his testimony regarding defendant's confession to conclude that the state had presented sufficient evidence from which the jury could infer that the state had proven all necessary elements of the crime of possession of a destructive device. The jury subsequently convicted defendant of that crime.

As noted, defendant contends on appeal that the state failed to corroborate his confession. Generally, "a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed." ORS 136.425(2); *see, e.g.*, *State v. Hauskins*, 251 Or App 34, 40, 281 P3d 669 (2012) (to corroborate a confession, the state must introduce "proof of facts, independent of the confession itself, that the defendant committed the underlying crime"). The phrase "some other proof" in the statute indicates that the legislature did not intend to require "full or complete" proof that a crime has been committed, but merely to require the introduction of evidence that *tends* to establish that a crime was committed. *State v. Lerch*, 296 Or 377, 397, 677 P2d 678 (1984). In determining whether the state adequately established that a crime occurred, we consider "whether, absent defendant's confession, there was legally sufficient corroborating evidence from which the jury could draw an inference that tends to prove that (1) the injury or harm specified in the crime occurred

and (2) that this injury or harm was caused by someone's criminal activity." *State v. Moreno*, 276 Or App 102, 108, 366 P3d 839, *rev den*, 359 Or 525, *cert den*, 137 S Ct 342 (2016) (internal quotation marks omitted).

Here, there is no disagreement that defendant suffered the injury or harm implicated in the crime of possessing a destructive device. Defendant suffered severe injuries to his hand consistent with those caused by the explosion of a destructive device. The parties disagree over whether the state adequately introduced evidence tending to prove that defendant's injuries were caused by criminal activity.

ORS 166.382 prohibits possession of a "destructive device."[1] Although the offense includes bombs and grenades, the statutory definition excludes "any device which is designed primarily or redesigned primarily for use as a *** pyrotechnic *** device." ORS 166.382(1), (2)(a). "Pyrotechnic device" is not defined in the statute, but we have held that it refers to what are commonly known as "fireworks." *State ex rel Juv. Dept. v. Garrett*, 193 Or App 629, 631, 91 P3d 830 (2004). "'Fireworks' are defined as combustible or explosive substances, including 'bombs,' that are 'prepared for the purpose of providing a visible or audible effect.'" *Id*. (quoting *former* ORS 480.110(1)). In other words, a bomb—which would normally be unlawful to possess—can nonetheless be permissible to possess if it was prepared for the primary purpose of producing a visible or audible effect. *State v. Bluel*, 285 Or App 358, 369-70, 397 P3d 497 (2017) ("Whether the objects fell within the definition of 'fireworks,' and therefore were excluded from the definition of 'destructive devices,' was dependent upon defendant's primary purpose in designing or redesigning them. *** [I]f his primary purpose was to use the objects to 'provid[e] a visual or audible effect,' then they were 'fireworks.'").

---

[1] ORS 166.382 provides, as relevant:

"(1) A person commits the crime of unlawful possession of a destructive device if the person possesses:

"(a) Any of the following devices with an explosive, incendiary or poison gas component:

"(A) Bomb;

"(B) Grenade."

		The state contends that the extent of defendant's injuries and Floyd's testimony both corroborate defendant's confession. We start with defendant's injuries. Although his injuries are consistent with something exploding in his hand, defendant's injuries do not assist the state in establishing that the injury was caused by criminal conduct rather than by one of the myriad noncriminal causes of traumatic hand injuries. Without relying on defendant's confession for additional information about the explosion, a jury would be left to speculate as to the cause of his hand injury and whether it had resulted from the explosion of an illegal device or, instead, something else, such as a firework or a highly pressurized device that defendant lawfully could possess. Therefore, defendant's injuries standing alone do not tend to show that the harm was caused by criminal activity and do not independently corroborate the confession.

		Turning to the trial testimony, Floyd testified that defendant's device was not a pyrotechnic device because it was too dangerous to be sold as a firework. Specifically, Floyd testified that the device was a destructive device because the metal casing rendered it unsafe for pyrotechnic use. Floyd also testified that he did not consider the device a pyrotechnic because the powder that defendant used to make it would not create any visible effects when burned.

		However, none of Floyd's testimony provides any independent evidence that criminal conduct caused defendant's injuries, because Floyd's description of the device was derived solely from defendant's confession. Floyd's characterization of the device as a destructive device—not a firework—rested principally on the fact that defendant had described it as having a metal casing. According to Floyd, that metal casing rendered the device too dangerous to be used as a pyrotechnic. Although that testimony would tend to show that defendant had possessed a destructive device, Floyd's statements do not serve to corroborate defendant's confession, because his description of the device came solely from the confession itself. Testimony that depends on a confession for the ostensibly corroborating facts in the testimony cannot serve to corroborate the confession, because the testimony depends on the confession and, therefore, does not provide independent, corroborating facts. *See Hauskins*, 251

Or App at 41 ("[A] fact cannot corroborate itself."). There is no independent evidence in the record to corroborate defendant's description of the device, and, without that evidence, the state failed to meet its burden to corroborate defendant's confession by introducing evidence other than the confession that tends to show that criminal conduct caused defendant's injuries.

Because there is no evidence independent of defendant's confession that tends to show that defendant's injuries were caused by his unlawful possession of a destructive device, the state failed to adequately corroborate defendant's confession. Defendant's uncorroborated confession cannot be considered when determining whether a rational trier of fact could find that the state had proved defendant's guilt beyond a reasonable doubt. *See Simons*, 214 Or App at 677. Without defendant's confession, the state did not introduce sufficient evidence from which the jury could have found that defendant possessed a destructive device. Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal.

Reversed.